I respectfully dissent from my colleagues' majority opinion. I believe trial courts should be very circumspect when granting motions for summary judgment. Here, I believe there were material issues of fact that would preclude the trial court from granting appellees' motion for summary judgment.
Specifically, when Labmark erected perimeter guarding around the roof, it moved from a general contractor controlling the safety procedures at the work site to a general contractor that was involved in "active conduct." There appears to be little question that the accident was proximately caused by the lack of guarding around the skylight. Therefore, a logical question arises as to whether Labmark, once it undertook the duty to erect some guarding on the roof, assumed the duty to guard all other hazardous areas on the roof, particularly the "critical variable," in this case, the skylight. In other words, did Labmark, by erecting perimeter guarding around portions of the roof, exercise control over the area of the roof containing the skylight and, if so, was it negligent in failing to erect the guarding. Certainly this is a question that should be decided by a jury.
Likewise, the issue of whether the danger of an unguarded skylight is an "open and obvious" danger is also an issue of material fact. Unlike the facts in Bond v. Howard Corp. (1995),72 Ohio St.3d 332, and Cafferkey v. Turner Constr. Co. (1986),21 Ohio St.3d 110, the hazard here was not an open hole; instead, it was an enclosed skylight with relevant issues of weight bearing requirements. Appellant fell through the skylight when he attempted to regain his balance by placing his hands on the skylight. There is no evidence that appellant was aware of the weight bearing limitations of the skylight. These facts are appreciably different than the argument that an unguarded hole is an "open and obvious" danger as a matter of law.
For these reasons, I would reverse the trial court's decision and remand this case for further proceedings.